IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 04-cr-40039-002-JPG |
| | ) | |
| JAMES A. TAYLOR, | ) | |
| Reg. No. 06311-025, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Assistance Federal Public Defender Judith A. Kuenneke's Motion to Withdraw (Doc. 851). Counsel Kuenneke entered her appearance for the sole purpose of determining whether Defendant James A. Taylor was eligible for application of the 2014 retroactive guideline amendment. The Defendant and the Government were provide a copy of the motion and allowed 21 days in which to respond. No response has been filed by either party.

On April 7, 2006, Defendant plead guilty to conspiracy to manufacture, to possess with intent to distribute, and to distribution of methamphetamine in violation of Title 21, United States Code, Sections 841(a)(1).

The Court determined that the sentencing calculations[1] were based upon an amount of 60 kilograms of methamphetamine which resulted in an offense level of 38. Defendant received a 3 point reduction for acceptance of responsibility for total offense level of 35 with a criminal history category of IV. This yielded a sentencing range of 240 to 293 months. Defendant was

---

[1] Unless otherwise noted, the references to the U.S.S.G. in this order are to the 2005 version.

sentenced to 240 months.  (Docs. 551 & 556).

Amendment 782 amended U.S.S.G. § 2D1.1(c) as of November 1, 2014, to lower some base offense levels associated with various relevant conduct drug amounts.  The relevant parts of Amendment 782 are retroactive but cannot become retroactively effective until November 1, 2015.  *See* U.S.S.G. § 1B1.10(d) & (e)(1) (2014).

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) . . . ."  In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).  Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria:  (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission.  If an amendment does not lower the defendant's applicable guideline range, the Court must deny a sentence reduction on the merits.  *United States v. Taylor*, No. 13-2978, 2015 WL 554452, *5 (7th Cir. Feb. 11, 2015).

The defendant cannot satisfy the first criterion because he was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)."  18 U.S.C. § 3582(c)(2).  Although Amendment 782 amended U.S.S.G. § 2D1.1(c) to lower some base offense levels associated with various drug amounts, the base offense level of 38 still applies to amounts of 45 kilograms or more of mixture and substance of methamphetamine.

Thus, his offense level and guideline range has not been lowered by Amendment 782, and he cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction.  *See, United States v. Griffin*, 652 F.3d 793, 803 (7th Cir. 2011).

Assistance Federal Public Defender Judith A. Kuenneke entered her appearance for the sole purpose of reviewing Defendant's case for retroactive application for reduction.  Having determined that the defendant cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction, Counsel Kuenneke nows moves to withdraw her appearance.

Based on the above, Assistance Federal Public Defender Judith A. Kuenneke's Motion to Withdraw (Doc. 851) is **GRANTED**.  The Clerk of Court is **DIRECTED** to send a copy of this Order to the Defendant.

**IT IS SO ORDERED.**

**DATED:**  7/30/2015

*s/J. Phil Gilbert*
**J. PHIL GILBERT**
**DISTRICT JUDGE**